UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHRISTOPHER O'NEILL, | ) | 3:12-cv-00030-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | November 27, 2012 |
| | ) | |
| DR. ROBERT BANNISTER, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>  Katie Lynn Ogden  </u>   REPORTER:  <u>           FTR           </u>

COUNSEL FOR PLAINTIFF:  <u>  Christopher O'Neill, In Pro Per (Telephonically)  </u>

COUNSEL FOR DEFENDANT(S):  <u>  Micheline Fairbank  </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

10:07 a.m. Court convenes.

The court advises the parties that it is in receipt of plaintiff's *Motion for Sanctions* (Dkt. #43), defendants' response (Dkt. #48) and plaintiff's reply (Dkt. #51). In preparation for today's hearing on Plaintiff's motion, the court has reviewed the screening order (Dkt. #3), the first Report and Recommendation (Dkt. #34) relating to plaintiff's *Motion for Preliminary Injunction* (Dkt. #10) and the second Report and Recommendation (Dkt. #35) relating to plaintiff's *Motion for Leave to File First Amended Complaint* (Dkt. #35). The court advises the parties that the two Report and Recommendation are under submission at this point before District Judge Larry R. Hicks.

The court inquires as to whether the plaintiff has any further argument related to his motion for sanctions, specifically as to his assertions that counsel is responsible for his alleged lack of medical treatment. Mr. O'Neill argues that it is defendants' counsel who continues to represent and imply in their pleadings to the court that he is receiving medical treatment/care, when he claims he is not receiving any treatment. Mr. O'Neill reports that defendants define in their most recent document, *Response to Objection to Dkt. ## 34 and 35 Report and Recommendation* (Dkt. #53), that the term "treatment" is used "in its most generalized meaning, referencing the overall care, observation, and communication with Plaintiff as to his medical condition by defendants in this matter." Mr. O'Neill represents that he is not contesting the definition of "treatment"; rather, he is contesting the matter of not receiving any medical treatment/care/observation/review.

MINUTES OF PROCEEDINGS
3:12-cv-00030-LRH-WGC
Date: November 27, 2012
Page 2

      The court notes that various declarations and information contained in defendants' pleadings suggest that Mr. O'Neill's medical condition is being monitored and treated based upon plaintiff's genotype.  Furthermore, it is the contention of the medical staff at the Nevada Department of Corrections ("NDOC") that the treatment they are providing plaintiff is appropriate based upon his particular condition.  The court acknowledges that plaintiff may have an objection as to how the NDOC medical staff are administrating medical care; however, the court is not inclined to agree with plaintiff's argument that it is Deputy Attorney General, Micheline Fairbank, who is responsible for the administration of care.  The court explains that Ms. Fairbank has a right to rely on her clients' representations, so that she may report the information to the court.

      The court further explains that what are also missing from plaintiff's arguments are any medical records or documentation proving that the readings from plaintiff's blood work analysis trigger any specific medical treatment.  Mr. O'Neill argues that documentation has been provided to the court relating to what treatment is appropriate in plaintiff's request for the appointment of expert witness (Dkt. #26; DENIED at Dkt. #32).  Mr. O'Neill explains that the documentation describes what liver enzyme tests are and what the results from the testing suggest for treatment.

      Ms. Fairbank argues that the root cause of this instant dispute are the matters alleged in the complaint.  The semantical use of the word "treatment" is the underlining dispute between Mr. O'Neill and the defendants.  Ms. Fairbank suggests that the instant dispute is appropriate to be adjudicated on the merits of the case and not in a motion for sanctions.

      The court agrees with defendants' counsel observation.  The court explains that this instant motion for sanctions appears to be a redundant argument that is being asserted in plaintiff's *Motion for Preliminary Injunction* (Dkt. #10).  The court notes that, since it has made the determination and recommendation that plaintiff's motion for preliminary injunction be denied on the basis that plaintiff has failed to overcome the deliberate indifference standard (Dkt. #34), the determination would logically follow in this instant request for sanctions.  Therefore, plaintiff's *Motion for Sanctions* (Dkt. #43) is **DENIED**.

**IT IS SO ORDERED.**

10:36 a.m.

                                                    LANCE S. WILSON, CLERK

                                                    By: _____/s/_____
                                                    Katie Lynn Ogden, Deputy Clerk