UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHRISTOPHER O'NEILL, | ) | 3:12-cv-00030-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | April 30, 2013 |
| | ) | |
| DR. ROBERT BANNISTER, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

　　　Before the court is Defendants' Motion for Leave to file Confidential Documents Under Seal. (Doc. #77.)  Defendants seek to seal Exhibit A which consists of an excerpt from Plaintiff's medical records in support of their Opposition to Plaintiff's Motion for Temporary Restraining Order.

　　　"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access.  *See id*.  Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted).

　　　A motion to seal documents that are part of the judicial record, or filed in connection with a dispositive motion must meet the "compelling reasons" standard outlined in *Kamakana*. Thus, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings...outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial court must weigh relevant factors including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n. 6 (9th Cir. 2010) (internal quotation marks

MINUTES OF THE COURT
3:12-cv-00030-LRH-WGC
Date: April 30, 2013
Page 2

and citation omitted).  While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Pintos*, 605 F.3d at 679.

The court recognizes that the need to protect medical privacy has qualified as a "compelling reason," for sealing records in connection with a dispositive motion.  *See, e.g., San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.,* 2011 WL89931, at *n.1 (N.D. Cal.  Jan. 10, 2011); *Abbey v. Hawaii Employers Mut.  Ins.* Co., 2010 WL4715793, at * 1-2 (D. HI.  Nov. 15, 2010); *G. v. Hawaii*, 2010 WL 267483, at *1-2 (D.HI. June 25, 2010)*; Wilkins v. Ahern,* 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170, at * 1 (D.Ariz. May 4, 2009).

Balancing the need for the public's access to information regarding Plaintiff's medical history, treatment, and condition against the need to maintain the confidentiality of Plaintiff's medical records weighs in favor of sealing these records.

Therefore, Defendants' motion (Doc. # 77) to file Exhibit A, filed in support of Defendants' Opposition to Plaintiff's Motion for Temporary Restraining Order,  under seal is **GRANTED**.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By:  /s/
     Deputy Clerk