# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRISTOPHER O'NEILL,  )  3:12-cv-00030-LRH-WGC
          )
    Plaintiff,  )  **REPORT & RECOMMENDATION**
          )  **OF U.S. MAGISTRATE JUDGE**
vs.         )
          )
DR. ROBERT BANNISTER, et. al.  )
          )
    Defendants.  )
          )

This Report and Recommendation is made to the Honorable Larry R. Hicks, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court are two motions for a temporary restraining order filed by Plaintiff which both relate to the alleged taking of his personal property. (Docs. # 74, # 83.)[1] Defendants have opposed both motions. (Docs. # 78, # 87.)

After a thorough review, the court recommends that Plaintiff's motions both be denied.

## I. BACKGROUND

At all relevant times Plaintiff Christopher O'Neill was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl. (Doc. # 4) at 1.) The events giving

---
[1] Refers to court's docket number.

1

rise to this litigation took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*) Plaintiff, a pro se litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Defendants are Dr. Robert Bannister, Dr. Karen Gedney, Dr. Michael Koehn, John Peery, and Susan Snider. (Screening Order (Doc. # 3).)

On screening, the court determined Plaintiff states colorable claims against Defendants in Counts I-III under the Eighth Amendment for deliberate indifference to a serious medical need related to the treatment of his hepatitis C. (Doc. # 3.)

Plaintiff has filed two requests for a temporary restraining order where he seeks the immediate return of his personal property, including legal documents, paper and envelopes, which he claims were taken from him as a result of Dr. Koehn's orders. (Docs. # 74, # 83.) In his second motion, Plaintiff elaborates that his personal property was originally taken from him and held from April 9, 2013 until April 24, 2013, and then was taken from him again on May 6, 2013. (Doc. # 83 at 1-2.)

Defendants have opposed these motions, asserting that they should be denied because they do not relate to the underlying claims asserted in Plaintiff's complaint and that the requests for injunctive relief are moot because on both occasions at issue Plaintiff's personal property was returned to him after he was discharged from the infirmary. (Docs. # 78, # 87.)

In their brief opposing Plaintiff's first motion, Defendants state that Plaintiff was admitted to the ESP infirmary on April 9, 2013, for complaints of severe abdominal pain. (Doc. # 78 at 2, 3.) While Dr. Koehn limited Plaintiff's ability to purchase items from the canteen to restrict his dietary intake, there were no other restrictions on his access to personal property, and in fact his

2

personal property was all returned to him after he was discharged from the infirmary. (*Id.*, 8 (Koehn Decl.) ¶4, 10 (Watson Decl.)[2] ¶¶ 6-8.)

In their brief opposing Plaintiff's second motion, Defendants assert that Plaintiff was admitted to ESP's infirmary on May 6, 2013, to have an ultrasound of his liver performed, and was discharged on May 9, 2013. (Doc. # 87 at 2; Doc. # 87-1 at 2 (Byrne Decl.)[3] ¶¶ 5-7.) His personal property was returned to him on the date of discharge. (*Id.*)

## II. DISCUSSION

A plaintiff seeking injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *accord Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997).

Injunctive relief is used to address issues related to the underlying claims. Here Plaintiff's requests for the issuance of a temporary restraining order relate to the taking of his personal property, not to his medical treatment for hepatitis C. Plaintiff is not permitted to file a complaint in federal court and then use that action as a forum to air his unrelated grievances. Such complaints are properly lodged using the prison grievance system and, if they remain unresolved, by filing a new action. As such, Plaintiff's requests for injunctive relief concerning his personal property are improper, and the motions should be denied.

While a plaintiff's remedy regarding such collateral complaints is ordinarily to utilize the prison grievance process and if it is not successfully resolved to file a new complaint, in this case

---

[2] Mr. Watson is an Associate Warden at ESP and confirms Plaintiff's personal property was returned to him on April 24, 2013, and that Plaintiff personally acknowledged receipt of his personal property.
[3] Mr. Byrne is also an Associate Warden at ESP. He confirms that Plaintiff's personal property was returned to him on May 9, 2013, when he was discharged from the infirmary.

Plaintiff has not disputed that his personal property was returned to him each time he was discharged from the infirmary. Nor does he claim to have suffered actual injury in connection with the short time period he was allegedly without his personal property on both occasions in April and May 2013, which is a prerequisite for a claim of denial of access to the courts. Accordingly, under these circumstances it appears that any complaint on this subject is not likely to be well received.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING** both of Plaintiff's motions requesting the issuance of a temporary restraining order (Docs. # 74, # 83).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

///

///

///

///

///

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.

**DATED: January 6, 2014.**

---

**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**